UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BERNHARD LAUFER and
ALEXANDER E. EISEMANN, as Next
Friend of Bernard Laufer,

               Petitioner,

       v.

ANTHONY J. ANNUCCI, Acting
Commissioner, New York State Department of
Corrections and Community Supervision,
JOSEPH H. NOETH, Warden, Attica
Correctional Facility, and
LETITIA JAMES, Attorney General of the
State of New York,

               Respondent.

**ORDER**
22-CV-03304 (HG)

**HECTOR GONZALEZ**, United States District Judge:

Pending before the Court is Petitioner Bernhard Laufer's Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. ECF No. 10 (Amended Petition), ECF No. 11 (Memorandum in Support of Petition). On July 13, 2022, Petitioner filed a Motion for a Preliminary Injunction ("Motion") seeking to be released on bail pending the determination of the petition. ECF No. 15. Petitioner requests this Court issue an order releasing him from state prison on a $1,000,000 personal recognizance bond pending the outcome of his habeas proceeding. In his Motion, Petitioner reiterates a claim raised in his habeas Petition—that he was denied the right to a fair trial by the preclusion of a key witness, his former psychiatrist. ECF No. 15 at 2; ECF No. 11 at 2. This Order does not rule on the ultimate merits of the Petition. It rather seeks to provide an expeditious decision on the Motion. For the reasons set forth below, the Motion is denied.

"[A] district court has inherent power to enter an order affecting the custody of a habeas petitioner who is properly before it contesting the legality of his custody." *Mapp v. Reno*, 241 F.3d 221, 226 (2d Cir. 2001); *see e.g., Hayon v. Reardon,* No. 20-CV-4668, 2021 WL 25365 (E.D.N.Y. Jan. 4, 2021); *Daum v. Eckert*, No. 17-CV-239, 2020 WL 5040596 (E.D.N.Y. Aug. 26, 2020); *Morrow v. Capra*, No. 18-CV-5765, 2020 WL 3316017 (E.D.N.Y. June 17, 2020); *Macaluso v. Keyser*, No. 18-CV-4830, 2020 WL 8455536 (E.D.N.Y. Apr. 17, 2020). Nevertheless, "this power is a limited one, to be exercised in special cases only." *Mapp*, 241 F.3d at 226. "The standard for bail pending habeas litigation is a difficult one to meet: The petitioner must demonstrate that 'the habeas petition raises substantial claims and that extraordinary circumstances exist that make the grant of bail necessary to make the habeas remedy effective.'" *Hayon* v, 2021 WL 25365, at *4 (quoting *Grune v. Coughlin*, 913 F.2d 41, 44 (2d Cir. 1990) and *Iuteri v. Nardoza*, 662 F.2d 159, 161 (2d Cir. 1981)). "A litigant's claims qualify as 'substantial' if the litigant has shown he is 'very likely to succeed' on those claims." *Daum*, 2020 WL 5040596, at *3 (quoting *United States v. Manson*, 788 F. App'x 30, 32 (2d Cir. 2019).

Petitioner has failed to meet this standard. First, based on the record before the Court, he has not established that he is very likely to succeed on his claims. Rather, the Petition appears to turn on whether or not there is controlling Supreme Court precedent applicable to this case. *See* ECF No. 15 at 3–4; ECF No. 17 at 4–6; ECF No. 22 at 7–9. This is not a straightforward exercise, because, as Petitioner admits, "the Supreme Court does not appear to have decided a case specifically involving defense psychiatrists." ECF No. 22 at 7. While the Court does not pass judgment on whether Petitioner will ultimately prevail on his habeas claims, it cannot say

2

Petitioner has met the "exacting standard" necessary to be released on bail pending a final decision on his Petition. *Macaluso*, 2020 WL 8455536, at *1.

Second, even if Petitioner had raised a substantial claim, he has failed to demonstrate that "extraordinary circumstances exist[ ] that make the grant of bail necessary to make the habeas remedy effective." *Hayon v*, 2021 WL 25365, at *4 (quotation marks and citations omitted). Courts have occasionally found that extraordinary circumstances exist where a "petitioner is seriously ill, or where petitioner's sentence is scheduled to expire before habeas review would be completed, making immediate release the only way to render the habeas remedy effective." *Skakel v. Murphy*, 07-CV-1625, 2009 WL 2253175, at *5 (D. Conn. July 27, 2009) (internal citations omitted). Here, Petitioner does not allege he is seriously ill, and he has only served six years of a twenty-year sentence, so there is no risk that his sentence will be completed prior to the resolution of his Petition.

Nevertheless, Petitioner claims his circumstances are sufficiently extraordinary to justify bail because he has experienced (i) "cruel treatment by other inmates as a result of his age and Jewish orthodoxy," and (ii) because he would like to see his ailing and elderly mother before she dies. ECF No. 15 at 6. These claims are insufficient to warrant bail. An inmate's fear for his safety and belief that the is uniquely at risk does not present an extraordinary circumstance. *See, e.g., Cunningham v. Poole*, No. 06-CV-0659, 2007 WL 3353115, at *2 (N.D.N.Y. Nov. 7, 2007) (holding that inmate who alleged his life would be in serious jeopardy if he was not released on bail after suffering broken nose during altercation with another inmate did not present an extraordinary circumstance); *Ancona v. Lantz*, No. 05-CV-363, 2005 WL 839655, at *10 (D.Conn. Apr. 8, 2005) (recognizing that former police officer may face increased risks to his

safety while incarcerated but holding that this risk was not an extraordinary circumstance). Likewise, an inability to visit your loved ones—while an unfortunate yet necessary feature of incarceration—is also not an extraordinary circumstance.  The Court does not wish to minimize Petitioner's concerns, but, "granting bail is not the only way to guard against such risks." *Ancona,* 2005 WL 839655 * 10.  For example, New York State already provides procedures by which Petitioner may request to visit his "parent . . . during his or her last illness if death appears to be imminent."  N.Y. Correct. Law § 851(6); *see Ancona*, 2005 WL 839655 *10 (bail is not warranted where alternative procedures for relief exist); *see also Cunningham,* 2007 WL 3353115, at *2.  Petitioner, therefore, has not demonstrated extraordinary circumstances such that a grant of bail is necessary pending the review of his Petition.

For the foregoing reasons, Petitioner's Motion to be released on bail pending a decision on his Petition is denied.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated:  Brooklyn, New York
          September 2, 2022

4