UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BERNHARD LAUFER and
ALEXANDER E. EISEMANN, as Next Friend
of Bernhard Laufer,

        Petitioner,

   v.

ANTHONY J. ANNUCCI, Acting
Commissioner, New York State Department of
Corrections and Community Supervision,
JOSEPH H. NOETH, Warden, Attica
Correctional Facility, and
LETITIA JAMES, Attorney General of the
State of New York,

        Respondents.

**MEMORANDUM & ORDER**
22-cv-3304 (HG)

**HECTOR GONZALEZ**, United States District Judge:

      In 2016, Petitioner Bernhard Laufer was tried by a jury, convicted, and sentenced to concurrent prison terms of twenty years. Petitioner commenced this action on June 3, 2022, by filing a petition for a writ of habeas corpus, which he amended on June 24, 2022, claiming violations of his constitutional rights under the Sixth and Fourteenth Amendments of the United States Constitution. ECF No. 1; ECF No. 12. On December 20, 2022, Petitioner moved to amend his petition to add a new claim related to allegedly newly discovered evidence. ECF No. 37. On June 12, 2023, this Court denied both Petitioner's amended petition and Petitioner's motion to amend ("June 12 Order"). *See Laufer v. Annucci*, No. 22-cv-3304, 2023 WL 3948737 (E.D.N.Y. June 12, 2023). Petitioner now asks the Court to reconsider its June 12 Order. ECF No. 46. For the reasons set forth below, Petitioner's motion is denied.

## BACKGROUND

The Court assumes familiarity with the factual background and procedural history of this action, as set forth in the June 12 Order. *See Laufer*, 2023 WL 3948737, at *1–3.

Petitioner's habeas claims arose from his 2016 conviction for Attempted Murder in the Second Degree as a Hate Crime and other related crimes. ECF No. 8-6 at 1312–16 (Trial Transcript). Following his conviction, Petitioner was sentenced to 20 years' imprisonment, followed by five years of post-release supervision. ECF No. 8-12 at 24 (Sentencing Transcript).[1] As discussed in the June 12 Order, Petitioner appealed his conviction to the Appellate Division, Second Department ("Appellate Division"), which affirmed Petitioner's conviction on October 21, 2020. *People v. Laufer*, 133 N.Y.S.3d 592 (N.Y. App. Div. 2020). On January 29, 2021, Petitioner sought leave to appeal to the New York Court of Appeals. ECF No. 9-3. The Court of Appeals denied both Petitioner's application for leave to appeal and his subsequent application for reconsideration. *People v. Laufer*, 36 N.Y.3d 1098 (N.Y. 2021); *People v. Laufer* 37 N.Y.3d 958 (N.Y. 2021).

On June 3, 2022, Petitioner filed his habeas petition with this Court. The petition, in relevant part, asserts that the trial court's preclusion of Dr. Izrayelit's testimony violated Petitioner's constitutional rights to present a defense and to a fair trial, and that these violations were not harmless error. ECF Nos. 1, 12, 13.[2] On December 20, 2022, Petitioner moved to

---

[1] While the State Court Record was submitted through multiple exhibits under ECF No. 8, all exhibits follow the same internal pagination. The citations to the record will indicate the exhibit number, but follow the internal pagination of the documents considered as a whole.

[2] In his petition, Petitioner also raised a claim of actual innocence and contended that the trial court erred when it: (1) removed the only Jewish potential juror from the panel; (2) precluded the defense from asking certain questions to the complaining witness; (3) precluded the defense from introducing the findings of two doctors who found Petitioner initially unfit to stand trial; (4) barred defense counsel from consulting with the defense expert prior to cross

2

amend his claims based upon the "discovery" of a report from Dr. Izrayelit, dated August 7, 2012 (the "August Report"), which Petitioner claims was included in the discovery that he provided to the prosecution before Petitioner's trial. ECF No. 37. In its June 12 Order, the Court denied the petition, finding that it lacked merit. *Laufer*, 2023 WL 3948737, at *5–7. The Court also denied Petitioner's motion to amend, finding that he had failed to exhaust his new claims regarding the August Report in state court and that those claims did not warrant a stay. *Id.* at *9–10. The Court declined to grant a certificate of appealability on Petitioner's claims on the grounds that Petitioner had failed to make a substantial showing of the denial of a constitutional right. *Id.* at *10.

On June 26, 2023, Petitioner filed this motion for reconsideration of the Court's June 12, Order. ECF No. 46. Petitioner contends that: (1) the Court erroneously concluded that Dr. Izrayelit's testimony was cumulative; and (2) the Court should have issued a certificate of appealability. *Id*.

## **LEGAL STANDARD**

Petitioner moves for reconsideration pursuant to Local Civil Rule 6.3, which provides that a notice of motion for reconsideration or reargument of a court order determining a motion must set forth "concisely the matters or controlling decisions which counsel believes the Court has overlooked." Loc. Civ. R. 6.3; *see also Diaz v. Bellnier*, 974 F. Supp. 2d 136, 139 (E.D.N.Y. 2013). "The standard for granting such a motion is strict, and reconsideration will generally be

---

examining the prosecution's expert; and (5) instructed the jury to draw an adverse inference against Petitioner because the defense expert failed to turn over certain emails. ECF No. 12. The Court found that these claims were unexhausted and therefore procedurally barred. *See Laufer*, 2023 WL 3948737, at *7–9. Petitioner does not contest the Court's conclusion on these claims in his motion for reconsideration. ECF No. 46. Accordingly, the Court will not address them further in this Order.

3

denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Lesch v. United States,* 372 F.App'x. 182, 183 (2d Cir. 2010) (quoting *Shrader*).[3]

A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.,* 684 F.3d 36, 52 (2d Cir. 2012). Local Rule 6.3 should be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have already been considered fully by the court." *Trans-Pro Logistic Inc. v. Coby Elecs. Corp.*, No. 05-cv-1759, 2010 WL 4065603, at *1 (E.D.N.Y. Oct. 15, 2010). Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources" and "the decision on a motion for reconsideration is committed to the sound discretion of the district court." *Gurrieri v. Cnty. of Nassau*, No. 16-cv-6983, 2018 WL 6590564, at *2 (E.D.N.Y. Dec. 14, 2018). As set forth below, Petitioner has failed to establish that he is entitled to this extraordinary remedy.

## DISCUSSION

### I.  The Preclusion of Dr. Izrayelit's Testimony

Petitioner initially raised his claim that Dr. Izrayelit's testimony was improperly excluded on direct appeal and the Appellate Division held the trial court was correct in precluding Dr. Izrayelit's testimony because Petitioner "failed to make a sufficient offer of proof that the proposed testimony was relevant, offered in good faith, and not cumulative of other testimony."

---

[3]  Unless otherwise noted, when quoting judicial decisions, this order accepts all alterations and omits citations, internal quotation marks, and footnotes.

4

*People v. Laufer*, 133 N.Y.S.3d at 595. In its June 12 Order, this Court held that the trial court's evidentiary ruling to preclude Dr. Izrayelit's testimony was not erroneous and did not violate Petitioner's constitutional rights because the proffered testimony was cumulative. *Laufer*, 2023 WL 3948737, at *5. Petitioner now asks the Court to reconsider its ruling. However, in his motion for reconsideration, Petitioner does not point to "controlling decisions or data that the court overlooked" and that "might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257. Instead, Petitioner largely reiterates the arguments he raised in his prior filings in support of his habeas petition (ECF Nos. 12–13, 34–35), effectively seeking the proverbial "second bite at the apple." *Analytical Survs., Inc.* 684 F.3d at 52.

      Petitioner first alleges that the Court erred in analyzing Dr. Izrayelit's excluded testimony as that of an expert witness rather than a fact witness. The state court record is unclear, and the parties disagree, as to whether Dr. Izrayelit's testimony was being offered to the trial court as that of a fact witness, *i.e.*, as a treating physician, or an expert witness. ECF No. 8-4 at 917, 921, 933–34 (Trial Transcript). Regardless of the role that Dr. Izrayelit was to serve at trial, a state trial court has the discretion to preclude cumulative testimony proffered by a fact witness just as it does with respect to testimony offered by an expert witness. *See, e.g., People v. Petty*, 852 N.E.2d 1155, 1162 (N.Y. 2006) (affirming the trial court's decision to exercise its discretion to exclude cumulative testimony offered by a fact witness); *Strzelecki v. Cunningham*, No. 15-cv-133, 2019 WL 6050404, at *12 (E.D.N.Y. Nov. 15, 2019) (holding that the trial court did not err in excluding a fact witness' proffered cumulative testimony). When state trial courts use their discretion to make "ordinary evidentiary rulings," federal courts scrutinizing such a ruling are "traditionally reluctant to impose constitutional constraints." *Wade v. Mantello*, 333 F.3d 51, 60 (2d Cir. 2003).

Petitioner further contends that the Court erred in finding that Dr. Izrayelit's testimony would have been cumulative of Dr. Bardey's testimony and that therefore the preclusion of Dr. Izrayelit's testimony was not material. ECF No. 46 at 2–3. In support of his contention, Petitioner repeats the same argument he has previously put forth: that Dr. Izrayelit was the only possible contemporaneous source of evidence about Petitioner's increasing fear of Muslims in the period leading up to the offense.

As the Court already noted, Dr. Bardey did in fact testify about Petitioner's alleged fear of Muslims in the time leading up to the offense. ECF No. 8-3 at 768–82 (Trial Transcript). Dr. Bardey's testimony about Petitioner's mental state was admittedly not based on contemporaneous conversations with Petitioner, but was instead based on conversations with Petitioner that took place after Petitioner's commission of the offense and his review of notes and medical records provided by doctors, including Dr. Izrayelit, who had previously treated Petitioner. *Id.* at 739–82. As previously established, Dr. Izrayelit provided notes about his treatment of Petitioner that span the period from 2008 until early 2013, with a gap in the notes between February 2012 and December 2012. *Id.* at 741; ECF No. 8-4 at 912 (Trial Transcript). This gap includes, critically, the months leading up to November 2012 when Petitioner committed his attack.[4] In his papers, Petitioner claims that Dr. Bardey could not have testified about Petitioner's pre-offense fear of Muslims because there were no references to such fears in

---

[4] The Court recognizes that Petitioner has provided an affidavit from Dr. Izrayelit stating his current day recollections of his time treating Petitioner. Petitioner has also alleged a "discovery" that both parties had access to Dr. Izrayelit's "missing" treatment notes from the period between February 2012 and December 2012. However, the Court can only consider information that was part of the state court record in ruling on Petitioner's motion, and therefore will not consider this information as part of its determination. *See Shoop v. Twyford*, 142 S. Ct. 2037, 2043 (2022); *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011).

6

Dr. Izrayelit's notes, and any such testimony would have come from Dr. Izrayelit's independent recollections. ECF Nos. 45, 46. However, at trial, Petitioner's defense counsel specifically proffered to the Court that this information *was* in fact in Dr. Izrayelit's notes, stating: "[t]here's some of this in [Dr. Izrayelit's] notes. That Mr. Laufer started talking about being fearful of Muslim people in his neighborhood. It's in his notes." ECF No. 8-10 at 982 (Trial Transcript).[5] Based on defense counsel's proffer and Dr. Izrayelit's own *in camera* testimony, it was reasonable for the trial court to conclude that Dr. Izrayelit's testimony was cumulative and would not provide additional details about Petitioner's mental state that were not already contained in his notes from the period prior to February 2012, about which Dr. Bardey could testify.[6]

Accordingly, Petitioner has failed to demonstrate that reconsideration of the Court's holding that the trial court did not err when it excluded Dr. Izrayelit's testimony is necessary. *Shrader*, 70 F.3d at 257.

## II. The Certificate of Appealability

Petitioner also argues that the Court erred in declining to grant Petitioner a certificate of

---

[5]   To the extent Petitioner contends that Dr. Izrayelit would have been able to offer testimony about his treatment of Petitioner in the months between February and November 2012 (the period for which his notes were missing) based on his independent recollections, the record belies any such contention. At trial, Dr. Izrayelit stated multiple times on the record during a hearing outside the presence of the jury that he could not recall whether he was actually treating Petitioner during this period. ECF No. 8-4 at 959–68. That Dr. Izrayelit's recollection has now been refreshed is immaterial. Petitioner does not explain how he expected Dr. Izrayelit to testify about Petitioner's mental state during a period in which he could not recall even seeing Petitioner as a patient.

[6]   Defense counsel now claims that his own proffer was incorrect and that the relevant information was not contained in Dr. Izrayelit's pre-February 2012 treatment notes. When reviewing a habeas petition, the role of the federal court is not to determine whether "the state court's determination was incorrect, but whether that determination was unreasonable." *Shoop*, 142 S. Ct. at 2043. It was manifestly reasonable for the state court to rely on defense counsel's proffer regarding the content of Dr. Izrayelit's treatment notes in deciding whether to preclude his testimony.

7

appealability on the following issues: (1) whether Dr. Izrayelit's testimony was cumulative; (2) whether precluding Dr. Izrayelit's testimony deprived Petitioner of his constitutional right to a fair trial; and (3) whether leave to amend should have been granted and the petition stayed to allow Petitioner to pursue his unexhausted claims in State court. The Court did not err in denying Petitioner a certificate of appealability. A court must only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order for a habeas petitioner to obtain a certificate of appealability he must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim." *Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007). Petitioner has not made the requisite showing.

Petitioner contends that the Court should have granted a certificate of appealability on his claims that Dr. Izrayelit's testimony was not cumulative and was improperly precluded because a reasonable jurist could debate whether Dr. Izrayelit was testifying as an expert or fact witness and whether Dr. Izrayelit's testimony was cumulative of Dr. Bardey's testimony. As already discussed, Dr. Izrayelit's testimony could properly be precluded as cumulative regardless of whether he was testifying as an expert witness or a fact witness, and Petitioner points to no controlling decisions or data that might reasonably be expected to alter the Court's prior conclusion on the propriety of the trial court's decision to preclude Dr. Izrayelit's testimony. *See supra* pp. 4–7. Petitioner's contentions are contradicted by the trial court record and rely on affidavits and recollections that were not put to the trial court. Petitioner has neither made a substantial showing of the denial of a constitutional right nor demonstrated that a reasonable jurist might find that he states a valid claim as to the preclusion of Dr. Izrayelit's testimony.

Petitioner also argues that the Court should have granted a certificate of appealability on

its decision to deny Petitioner leave to amend his petition for a second time. Petitioner reiterates his argument that denial of leave to amend would create "grave procedural problems." ECF No. 46 at 7. Petitioner did not make a substantial showing that he was denied a constitutional right when he asked the Court to allow him to amend his petition to add his unexhausted new claims and he does not make any such showing now. Further, Petitioner does not now argue that the Court erred in denying his motion to amend but simply disagrees with the ruling because it creates a difficult procedural outcome for him. That Petitioner disagrees with the Court's ruling does not mean that he is entitled to reconsideration and an alternative finding. *See Grayson v. Artus*, No. 08-cv-0493, 2011 WL 3235889, at *3 (E.D.N.Y. July 28, 2011) ("A motion for reconsideration is not one in which a party may reargue those issues already considered when a party does not like the way the original motion was resolved."). Accordingly, the Court finds that it did not err in denying Petitioner a certificate of appealability because reasonable jurists would not debate whether Dr Izrayelit's testimony was properly precluded and whether the Court should have granted Petitioner's motion to amend.

## Conclusion

For the foregoing reasons, the Court DENIES Petitioner's motion for reconsideration. Because petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. *See* 28 U.S.C. §2253(c)(2). Any further request for a certificate of appealability must be addressed to the Second Circuit. *See* Fed. R. App. P. 22(b). The Clerk of Court shall enter judgment accordingly and close this case.

SO ORDERED.

                                                      */s/ Hector Gonzalez*
                                                      HECTOR GONZALEZ
                                                      United States District Judge

Dated: Brooklyn, New York
August 30, 2023